GLOVER v. ALBRECHT, Dist. Clerk, et al.

(Court of Civil Appeals of Texas. El Paso. April 10, 1913. Rehearing Denied May 8, 1913.)

1. MANDAMUS (§ 187*)—REVIEW—DEMURRER.

In reviewing an order sustaining a general demurrer to a petition for mandamus, the court must be governed by the allegations of the petition, and cannot consider special matters of defense pleaded by respondents in their answer.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 427–437; Dec. Dig. § 187.*]

2. MANDAMUS (§ 154*) — RIGHT TO WRIT — PETITION.

Plaintiff filed a petition for mandamus against the clerk to compel the issuance of execution on a judgment, alleging that the judgment was recovered April 19, 1911, and on the next day the judgment defendant filed a motion for new trial; that the regular judge being ill he was unable to hold the term of court, and that a special judge was selected, who held the court until April 23, 1911, when the regular judge died; that by his death the term came to an end, and that his successor did not qualify until April 28th following; that defendant's motion for a new trial was not submitted to the court for decision prior to adjournment of the court occasioned by the death of the regular judge, and not having been acted on during such term, was by operation of law overruled or waived, and that the judgment in favor of plaintiff remained in full force and effect; that it was not appealed from or superseded, and that plaintiff became entitled to an execution 30 days after the adjournment of the term, and that, more than such time having elapsed, plaintiff made demand therefor on the clerk, and was refused. Held that, under the rule that all reasonable intendments in favor of the petition shall be indulged as against a general demurrer, the allegations were sufficient to show that no action had ever been taken on the motion for a new trial, and that plaintiff was entitled to his execution as a matter of right.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 296–316; Dec. Dig. § 154.*]

Error from District Court, Harris County; Wm. Masterson, Judge.

Action by W. J. Glover against Henry Albrecht, clerk of the district court of Harris county, for mandamus to compel defendant to issue an execution on a judgment recovered by plaintiff against the Houston Belt & Terminal Railway Company. From a judgment dismissing the suit, plaintiff brings error. Reversed and remanded.

See, also, 149 S. W. 1192.

Gibson, Fenn & Wander, of Houston, for plaintiff in error. Andrews, Ball & Streetman, A. L. Jackson, and McDonald Meachum, all of Houston, for defendants in error.

HIGGINS, J. Plaintiff in error instituted this suit in the district court of Harris county, against Henry Albrecht, clerk of said court, and the Houston Belt & Terminal Railway Company, his petition containing the following allegations: That Albrecht was the duly elected, qualified, and acting clerk of said court; that on April 19, 1911, plaintiff, upon a trial before a jury, obtained a verdict in the sum of $7,500 against the Houston Belt & Terminal Railway Company in cause No. 50,189, entitled William J. Glover v. Houston Belt & Terminal Railway Company, in accordance with which judgment upon said date was accordingly rendered in his favor; that this judgment was entered in the minutes of said court on April 19, 1911; that on April 20, 1911, said Houston Belt & Terminal Railway Company filed its motion for a new trial in said cause. The judgment and motion for new trial were set out in full in the petition. It was further alleged that the judgment was rendered at a regular term of said court, which convened on March 6, 1911, and which term by law was permitted to continue for the months of March and April; that on the first Monday of said March, the same being the date provided by law for the convening of said term, J. A. Read was duly elected by the practicing attorneys of the Harris county bar to preside at said term in the absence of the Hon. William P. Hamblen, who was then and there the duly elected, qualified, and acting

judge of said court, and who was absent by reason of illness and unable to convene and hold said term of court; that such illness of the regular judge continued until April 23, 1911, upon which date he departed this life; that during said illness the said term of court continued to be held from March 6th until the 22d day of April, 1911, by the said special judge, J. A. Read, who presided over the court and administered the functions of said office as special judge in the absence of said Hamblen, and he carried on and conducted the business of said court until the 22d day of April, 1911.

Paragraphs 4 and 5 of said petition read as follows:

"(4) Now your petitioner would further show that April 23, 1911, was Sunday, and that there was no court in session, and that at the death of Judge W. P. Hamblen the said regular March term of court, which had then and theretofore been carried on and conducted by the special judge presiding during the illness of said W. P. Hamblen, became and was adjourned by operation of law, and that said term of court became and was at an end, and that the powers and authorities of said J. A. Read as such special judge expired at the death of said Judge W. P. Hamblen, the regular, duly elected, and qualified judge of said court, and that the regular March term, 1911, which had been theretofore convened, was concluded and at an end; that the vacancy in the office of district judge of said Fifty-Fifth judicial district occasioned by the death of Judge Hamblen was not filled until the 28th day of April, 1911, by the appointment by the Governor of Texas of William Masterson, who only qualified and took the oath of office on the 28th day of April, 1911.

"(5) Now plaintiff would further show that said formal motion for a new trial, which had been theretofore filed in said court at the regular March term thereof on the 20th day of April, 1911, as aforesaid, in said cause No. 50,189, styled as aforesaid, was not submitted to the court for decision prior to said adjournment of court occasioned by the death of Judge Hamblen, not having been acted upon during the term of court at which the same had been filed, was by operation of law overruled or waived, and became and was without further force or effect, and that the judgment theretofore rendered in said cause on the 19th day of April, 1911, in favor of William J. Glover against the Houston Belt & Terminal Railway Company became and was final and in full force and effect."

It was further alleged that the judgment rendered in said cause No. 50,189 was not appealed from by the defendant therein, nor in any manner superseded, and that the plaintiff became and was entitled to have an execution issued upon said judgment 30 days after the adjournment of said term of court at which the same was rendered; that more than 30 days had elapsed since the adjournment of said term; that the defendant in said judgment had not paid or satisfied the same or any part thereof, and plaintiff had made due demand in writing on June 28, 1911, to the defendant, Albrecht, clerk as aforesaid, for the issuance of an execution upon said judgment to enforce the collection thereof, and that said Albrecht had refused and still refuses to issue such execution, thus defeating plaintiff in the collection thereof, and was thus withholding from him the due and lawful process of the law to which he was entitled to enforce such collection. Albrecht being a party at interest and disqualified to act in the cause, the appointment of a special clerk was prayed, and upon trial it was prayed that a writ of mandamus issue to the said clerk directing him to issue a writ of execution upon the said judgment rendered in cause No. 50,189 to enforce its collection.

[1] Upon hearing a general demurrer to the petition was sustained; and, the plaintiff declining to amend, the suit was dismissed. In so doing we think the trial court erred. In determining the correctness of his action in this matter, we must be governed by the allegations contained in the petition, and cannot take into consideration the special matters of defense pleaded by the respondents in their answer. These are matters in avoidance of the facts alleged in the petition, and can only be considered after a hearing upon the merits and proof of the facts therein alleged has been adduced. These special matters of defense were presented to this court upon a motion to dismiss the appeal, and it was there held that they affect the question of whether or not the mandamus should or should not be granted. And it is, of course, manifest that they cannot be considered in determining the sufficiency of the petition, since the petition upon its face does not disclose the existence of those facts.

[2] The fourth allegation of the plaintiff's petition contains an averment of a legal conclusion to the effect that the death of Judge Hamblen, by operation of law adjourned said term of court, and that the power and authority of Judge Read to act in his place and stead thereby terminated. It is unnecessary for us to pass upon the correctness of this legal conclusion, since the petition alleges that the motion for a new trial was not submitted to the court for a decision prior to the adjournment occasioned by the death of Judge Hamblen, and not having been acted upon during the term of court to which the same was filed was thereby overruled or waived, and the judgment rendered in the cause became final.

Indulging all reasonable intendments in favor of the sufficiency of a petition as against a general demurrer, it must be held

that the allegations contained in this petition were sufficient to show that no action had ever been had upon any motion for a new trial filed in the cause, and that no order had been entered granting a new trial and setting aside the judgment theretofore rendered; and, in the absence of any such order, appellant was entitled to his execution as a matter of right.

For the reasons indicated, the judgment of the lower court is reversed, and the cause remanded for a trial upon its merits.